# Carter *v.* Moss, Appellant.

*Contract—Agreement for commissions—Evidence—Case for jury.*

In an action to recover commissions, the case is for the jury where the evidence for the plaintiff, although directly contradicted by the defendant, tends to show that the defendant agreed to give plaintiff one per cent on the amount of money which the defendant might secure to be loaned on a building operation to parties brought to him by the plaintiff, that the plaintiff brought the parties, and a loan was made.

Argued Jan. 3, 1905.    Appeal, No. 80, Jan. T., 1904, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1903, No. 597, on verdict for plaintiff in case of Joseph H. Carter to use of William J. Divine v. Frank Hazlett Moss.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Assumpsit to recover commissions.    Before AUDENRIED, J. The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,793.50.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Russell Duane* of *Duane, Morris, Heckscher & Roberts*, with him *Charles Woods Coulston*, for appellant.

*Edgar W. Lank* of *Smithers & Lank*, for appellee.

OPINION BY MR. JUSTICE ELKIN, February 20, 1905 :

The appellant asks this court to reverse the judgment entered against him in the court below for the reason that the testimony of the plaintiff and his witnesses, considered in connection with such testimony offered in behalf of the defendant as was uncontradicted, did not warrant the submission of the case to the jury.

We have carefully examined the argument of the learned counsel for the appellant, but have not been convinced that there was any error in the trial of the case in the court below. The plaintiff declared on an express contract, not reduced to writing, and produced sufficient testimony, if believed, to justify the jury in finding a verdict in his favor. The plaintiff, Carter, in substance testified that he was solicited to aid in the securing of a loan on a building operation in the city of Philadelphia for Coulston and Daly, and that he undertook to have this loan negotiated through the defendant Moss, a broker. He testified that on October 3, 1902, he went to the office of the defendant and informed him of the desire of Coulston and Daly to secure a loan for the proposed building operation. He further testified that the defendant agreed if the plaintiff should bring Coulston and Daly to him in order that he, the defendant, should have the opportunity of earning a commission by placing the proposed loan, he would pay the plaintiff one per centum of the amount of the loan negotiated through him, and on which defendant would receive a commission. It appears from the evidence that on the day following, the plaintiff did bring to the office of the defendant, Coulston and Daly, and negotiations for the securing of the loan were commenced at that time. The deal was not consummated on that day because the defendant insisted on Coulston and Daly giving him a bond to insure the completion of the building operation, and a satisfactory bond not having been arranged for at that time, the negotiations were held in abeyance. A few months later, however, the bond was furnished, the loan secured, and Coulston and Daly paid to the defendant a commission of $8,500, being five per centum on $170,000, the amount of the loan secured. The plaintiff claims one per centum of the amount of the loan on which the defendant received his commission, and

this suit was instituted for the purpose of collecting the same.

All of the material allegations of the plaintiff are denied by the defendant, who testified that he did not enter into any contract with the plaintiff, and that whatever preliminary conversations they may have had about the loan never resulted in a contract being made, and that what was finally done in the matter had no reference to the services of Carter, and that he did not perform any service, and was not entitled to receive any commission, either by reason of the alleged express contract, or on account of any implied contract resulting from the relations and services of the parties.

Many authorities have been cited in the paper-book of the appellant bearing upon the right of a real estate broker to recover a commission for services rendered in the sale of real estate. In these cases the principle is laid down that the services of a real estate broker who attempts to recover commission on the sale of real estate, must be the efficient cause of the sale. These authorities are not applicable to the case at bar. There is no evidence that the plaintiff is a real estate broker, and it is not contended that he is attempting to collect a commission on account of real estate sold. Nor does the plaintiff rely on an implied contract, and therefore the cases cited are without force in deciding this case.

The learned court below submitted the disputed questions of fact to the determination of the jury, with instructions to find, first, if there was a contract made between Carter and Moss; second, if such a contract was made what were the terms of it, and what was each party bound to do under the contract, and third, whether the plaintiff had performed the services required of him under the terms of the alleged contract. In this we see no error. The instructions of the court below were full and complete and fairly submitted the disputed questions of fact to the jury, which found in favor of the plaintiff.

Assignment of error overruled and judgment affirmed.